UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ADALBERTO ANDRADE,<br>        Petitioner, | )<br>)<br>) |
| v. | ) Civil Action No. 04-10888-RCL<br>) |
| JOHN ASHCROFT, et al.,<br>        Respondents. | )<br>)<br>) |

## MEMORANDUM AND ORDER

For the reasons stated below, this action will be transferred to the Northern District of Alabama.

## FACTS

On May 3, 2004, petitioner Adalberto Andrade, an immigration detainee currently confined in Gadsden, Alabama, filed an application to proceed in forma pauperis and a petition for a writ of habeas corpus under Section 2241 challenging his current confinement under Zadvydas v. Davis, 533 U.S. 678 (2001). Recognizing that the First Circuit has held that district courts lack jurisdiction over habeas petitions filed by detainees not in physical custody in this district, Andrade argues that "extraordinary circumstances" exist permitting this Court to review his claims. Petition, p. 2- 3. He claims that during his period of custody, he has been transferred to Rhode Island, Louisiana, and now, Alabama. Id.

The instant habeas petition is not the first petition filed by Andrade. In September 2003, Andrade while then-confined in Louisiana, filed a Section 2241 habeas petition in this Court. Andrade v. Commonwealth, C.A. No. 03-11673-RCL (transferring action to W.D. La.), appeal dismissed, No. 04-1076 (Mar. 31, 2004). A review of the federal judiciary's records on PACER indicates that the transferred petition was dismissed by the Western District of Louisiana, see Andrade v.

Commonwealth, C.A. No. 03-1728 (dismissing), and that another habeas petition filed by Andrade in that Court is currently pending on appeal. See Andrade v. Ashcroft, C.A. No. 03-1307 (petition transferred from E.D.N.Y.) appeal filed, No. 04-30247 (pending).

    I. No Extraordinary Circumstances Exist

A writ of habeas corpus must be "directed to the person having custody of the person detained." 28 U.S.C. § 2243. The court issuing the writ must have personal jurisdiction over the person who holds the petitioner in custody. Vasquez v. Reno, 233 F.3d 688, 690 (1st Cir. 2000), cert. denied, sub nom. Vasquez v. Ashcroft, 534 U.S. 816 (2001).

Andrade's legal custodian is the warden of Etowha County Jail, the individual having day-to-day control over the facility in which he is being detained. Id. at 694. This Court does not have personal jurisdiction over the warden of Etowha County Jail in Gadsden, Alabama, and therefore, under Vasquez, I must either dismiss or transfer this Section 2241 petition to the proper district.[1] Id. at 696.

As noted by Andrade, an exception to the "immediate custodian" rule enunciated by Vasquez may be recognized where "extraordinary circumstances" exist, such as where the location of a detainee is undisclosed or where the government has "spirited an alien from one site to another in an attempt to manipulate jurisdiction." Vasquez, 233 F.3d at 696. However, here, as in Vasquez, Andrade has not marshaled any facts suggesting chicanery or underhandedness, nor has he made a showing of the

---

[1] Because the Court is transferring this action, it will not address the issue of the $5 filing fee for this action, Andrade's application for a fee waiver, or the merits of the petition. See Vasquez, 233 F.3d at 697 (the district court ought not to have acted on the merits of petition where court lacked jurisdiction over petitioner's custodian).

2

elements necessary to demonstrate bad faith. Id. Further, I simply note that the dockets of his various actions indicates that Andrade remained confined in Louisiana throughout the pendency of his two habeas petitions in the Western District of Louisiana. Thus, I direct that this action be transferred.

## CONCLUSION

Based upon the foregoing, it is hereby ORDERED that this action be TRANSFERRED to the Northern District of Alabama, 1729 Fifth Avenue North, Birmingham, Alabama 35203 for the reasons stated above.

SO ORDERED.

Dated at Boston, Massachusetts, this __5th__ day of __May__, 2004.


                                                  s/ Reginald C. Lindsay
                                                REGINALD C. LINDSAY
                                                UNITED STATES DISTRICT JUDGE